UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JACKIE E. MERKISON

       Petitioner,

vs.                                    Case No. 4:14cv376-MW/CAS

JULIE L. JONES,[1]

       Respondent.

_____/

### REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On July 10, 2014, Petitioner Jackie E. Merkison, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After direction by this Court, on August 11, 2014, Petitioner filed an amended § 2254 petition. S*ee* doc. 2; doc. 3. On January 2, 2015, Respondent filed a motion to dismiss, with exhibits. Doc. 8. Petitioner did not file a reply, although given the opportunity to do so. *See* doc. 7.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida

---

[1] The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida Department of Corrections in place of Michael D. Crews. Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter, *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition does not raise a cognizable federal claim and should be denied.

## Procedural History

In cases 2003-CF-3267 and 2003-CF-4074, the State of Florida charged Petitioner with multiple counts of inappropriate acts with a child under 12 years of age by an offender who is 18 years of age or older.  Doc. 8 Ex. PD.[2]  On November 3, 2004, Petitioner was convicted on four counts in case 2003-CF-3267, following a jury trial, and on April 7, 2005, he was convicted on one count in case 2003-CF-4074, following his entry of a nolo contendere plea.  Doc. 8 Ex. PD at 3, 9.  Petitioner was sentenced to life in prison.  Doc. 3 at 1.  Petitioner's appeal of his judgment and sentence in 2003-CF-3267 was per curiam affirmed, without a written opinion, on October 27, 2005, in case number 1D04-5120.  Merkison v. State, 913 So. 2d 604 (Fla. 1st DCA 2005) (table).

On or about October 26, 2007, Petitioner filed a Rule 3.850 motion for post-conviction relief claiming ineffective assistance of counsel, which the state post-conviction court denied.  Doc. 8 Ex. PD at 4.  Petitioner appealed, and on January 12, 2009, the First District Court of Appeal (DCA) affirmed in part, and reversed and remanded in part.  Merkison v. State, 1 So. 3d 279 (Fla. 1st DCA 2009).  Specifically, the court "reverse[d] and remand[ed] claim two for the trial court to either attach portions of the record which conclusively refute the allegation that the outcome of the case would

---

[2] Respondent's first exhibit comprises the trial [progress] dockets from cases 2003-CF-3267 and 2003-CF-4074. It is cited as (Doc. 8 Ex. PD at ___).

Case No. 4:14cv376MW/CAS

have been different had counsel properly preserved this claim for the direct appeal, or to hold an evidentiary hearing on the claim." *Id.* at 281.

On August 14, 2009, an evidentiary hearing was held as to ground 2 of Petitioner's ineffective assistance of counsel claim. Doc. 8 Ex. PD at 4. On October 22, 2009, the court denied the claim. *Id.* On November 17, 2009, Petitioner appealed the decision to the First DCA in case number 1D09-5847. *Id.* at 4, 5. On September 24, 2010, the First DCA per curiam affirmed the lower court's decision and entered its mandate on November 19, 2010. Merkison v. State, 48 So. 3d 57 (Fla. 1st DCA 2010); doc. 8 ex. PD at 5; s*ee* First DCA Case No. 1D09-5847 (docket).

Petitioner appealed to the Florida Supreme Court under section 79.01, Florida Statutes, claiming the prior courts lacked subject matter jurisdiction to convict him because of a void enacting clause on the amended information. *See* doc. 3 at 3; doc. 8 at 18. On July 3, 2014, the Florida Supreme Court dismissed the appeal having "determined that relief is not authorized." (citation omitted). Merkison v. Crews, 147 So. 3d 525 (Fla. 2014) (table).

As indicated above, on July 10, 2014, Petitioner filed a § 2254 federal habeas corpus petition in this Court. Doc. 1. On August 11, 2014, Petitioner submitted an amended § 2254 federal habeas corpus petition. Doc. 3. Respondent has filed a motion to dismiss, arguing Petitioner has failed to state a claim upon which relief can be granted. Doc. 8. Petitioner did not file a reply.

## Analysis

As an initial matter, it appears from the exhibits submitted, Petitioner's § 2254 federal habeas corpus petition is untimely. Doc. 8 Ex. PD. Pursuant to the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filling a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A).

Petitioner's sentence and conviction became final on January 25, 2006, 90 days following the issuance of the First DCA's per curiam affirmance on direct appeal.  *See* online docket for 1D04-5120 at www.1dca.com; Pugh v. Smith, 465 F. 3d 1295, 1299 (11th Cir. 2006) (explaining defendant has 90 days from judgment of state court of last resort to file petition for writ of certiorari in United States Supreme Court); Clay v. United States, 537 U.S. 522, 525 (2003) (stating 90 days allowed for filing petition for writ of certiorari begins on date appellate court issues its opinion in direct appeal, not from date appellate court issues its mandate).  Therefore, Petitioner had until January 25, 2007, to file his federal habeas petition in the absence of a tolling event.  28 U.S.C. § 2244(d)(1)-(2).  Petitioner did not file his first Rule 3.850 post-conviction motion in state court until October 26, 2007, well after the AEDPA limitations period expired.  Doc. 8 Ex. PD at 4.  Petitioner's Rule 3.850 post-conviction motion did not toll the AEDPA limitations period because there was no more time available to be tolled.  *See* Hutchinson v. State of Fla., 677 F. 3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F. 3d 1331, 1335 (11th Cir. 2001) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").  Therefore, Petitioner's § 2254 federal habeas petition appears untimely.

In addition, on the merits, review of this case reveals the only claim Petitioner has raised in his § 2254 federal habeas corpus petition is that the trial court lacked jurisdiction to convict Petitioner because of a void enacting clause on the amended charging information, citing article 3 section 16 of the Florida Constitution (1968). Doc. 3 at 4–5. Petitioner claims the information was void because it did not specifically state the legislature had enacted the law charged against him. *Id*. Petitioner declares the charging information, and amended charging information, only state, "In the Name of and by the Authority of the State of Florida," and does not make a reference to the "Legislature" for authority. Doc. 3 at 5. Petitioner brought an identical claim before the Florida Supreme Court, which was dismissed, citing Baker v. State, 878 So. 2d 1236 (Fla. 2004). Merkison v. Crews, 147 So. 3d 525; doc. 3 at 3–5

Petitioner cites article 3 section 16 of the Florida Constitution as the basis for his claim. Doc. 3 at 4. It is not, however, the role of the federal court to interpret a state's constitution. Beard v. Kindler, 558 U.S. 53, 55 (2009) (stating federal habeas court will not review claim rejected by state court if decision of state court rests on state law ground that is independent of federal question and adequate to support judgment); Coleman v. Thompson, 501 U.S. 722, 729 (1991). Petitioner's citation to the Florida Constitution shows his ground for relief is one of state law.

This Court previously resolved the issue of whether the charging information is facially sufficient to uphold a state court conviction. Hawkins v. Sec'y Dep't Corr., No. 1:07cv213–MP/GRJ, 2011 WL 5080552 (N.D. Fla. Aug. 31, 2011). In Hawkins, petitioner argued the state trial court lacked jurisdiction due to an insufficient indictment. *Id.* at 2. In particular, petitioner claimed the record showed the offense charged in the

information did not occur. *Id.* The state court rejected the claim, finding the information was sufficient under state law. *Id.* at 7. This Court upheld the state court's ruling and explained:

> The sufficiency of a state indictment or information is not a matter for federal habeas corpus relief unless it can be shown that the indictment or information is so defective that the convicting court had no jurisdiction. Murphy v. Beto, 416 F. 2d 98 (5th Cir. 1969); Branch v. Estelle, 631 F. 2d 1229 (5th Cir. 1980). In this case, the information was determined to be sufficient under state law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

*Id.*

This Court also addressed a similar issue in Knox v. Crews, No. 4:12cv204–RV/CAS, 2014 WL 5780684 (N.D. Fla. Oct. 14, 2014). In Knox, petitioner claimed his detention was unlawful because the charging information was defective. *Id.* at 6. Specifically, petitioner argued the information failed to name him in the body of the charged count as the person who committed the offense and, as a result, the state trial court had no jurisdiction to convict him. *Id.* The state court held the information to be facially sufficient and the petition was dismissed. *Id.* This Court upheld the state court ruling and reasoned:

> Moreover, to the extent Petitioner asserts the state court erred in any decision concerning the Florida rule, federal habeas review of such a claim is precluded if no federal constitutional issues are presented. *See, e.g.*, Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief: "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L.Ed.2d 606 (1990))); McCullough v. Singletary, 967 F. 2d

530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). *See* also, e.g., Heath v. Jones, 863 F. 2d 815, 821 (11th Cir. 1989) ("The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction.")

*Id.*

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief. Petitioner's second amended § 2254 petition (Doc. 3) should be denied. Respondent's motion to dismiss (Doc. 8) should be denied as moot.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument

as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** the amended § 2254 petition for habeas corpus (Doc. 3) be **DENIED** and Respondent's motion to dismiss (Doc. 8) be **DENIED** as moot. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Julie L. Jones for Michael D. Crews as Respondent.

**IN CAMBERS** at Tallahassee, Florida, on February 17, 2015.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**